```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

NATHAN WARREN                                    CIVIL ACTION

VERSUS                                           NUMBER: 08-4038

BOBBY CROWE, SHERIFF, ET AL                      SECTION: "E"(5)
```

## REPORT AND RECOMMENDATION

Utilizing the standardized form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, pro se and in forma pauperis plaintiff, Nathan Warren, has named as defendants: Bobby Crowe, Sheriff, Washington Parish; Tim Phelps, Parole Agent, Covington Division; Curtis Hodges, Probation and Parole Supervisor, Covington Division; and the Washington Parish Drug Task Force.

Plaintiff alleges that on May 7, 2008, he was arrested for allegedly distributing cocaine.  Because he was on parole at the time of his arrest, a "parole-hold" was placed on him "so he could not make bond".  Plaintiff contends, however, that there is no documentary evidence, such as an arrest warrant and police report, supporting his arrest.  According to plaintiff, officials, without a warrant, had no basis to arrest him.  Further, without

documentary evidence supporting his arrest, there was no basis for him to remain in prison pursuant to a "parole-hold". Plaintiff seeks $50,000.00 in compensatory and punitive damages as a result of his allegedly illegal arrest and false imprisonment.

Initially, the court is required to examine plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state conviction or confinement. When a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of habeas corpus even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983. Caldwell v. Line, 676 F.2d 494 (5th Cir. 1982); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Johnson v. Hardy, 601 F.2d 172 (5th Cir. 1979). Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state court remedies is required, a requirement that applies to both pre-trial and post-conviction habeas proceedings. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827 (1973); Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352 (1987). The exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas corpus relief were previously presented to the state's highest court in a procedurally proper fashion.

Knox v. Butler, 884 F.2d 849, 852 n.7 (5th Cir. 1989), cert. denied, 494 U.S. 1088, 110 S.Ct. 1828 (1990); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

Plaintiff herein alleges that his present incarceration stems from an invalid arrest which, in turn, led to an unsupported "parole-hold" being placed upon him. Such an allegation clearly challenges the fact and duration of his confinement, a proper habeas corpus issue which cannot be addressed until plaintiff has exhausted available state court remedies with respect to such an allegation. McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994); Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994); Hernandez v. Spencer, 780 F.2d 504, 505 (5th Cir. 1986). As plaintiff makes no showing of having done so, insofar as the instant matter can be construed as a request for habeas corpus relief, it should be dismissed without prejudice for failure to exhaust available state court remedies.

The court now turns its attention to plaintiff's claim for monetary damages under §1983. Plaintiff charges that his arrest was invalid and his "parole-hold" was unsupported and he seeks $50,000.00 to compensate him for his "illegal arrest" and "false imprisonment".

In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), the

United States Supreme Court held that a damages request for alleged civil rights violations, calling into question the validity of a state conviction or confinement that has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under §1983. Clearly, plaintiff's claim, that his arrest was illegal and his continued confinement unsupported, calls into question the validity of his present confinement and, therefore, is prohibited under Heck.

Accordingly;

**RECOMMENDATION**

It is hereby recommended that plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's §1983 claim be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this __1st__ day of _____October_____, 2008.

_____
UNITED STATES MAGISTRATE JUDGE